PHONOGRAPH CORPORATION OF MANHATTAN Respondent *v.* ALPHONZO SMITH, Appellant.

*Bills and notes — agreement for renewal of promissory note — parol evidence — admissibility.*

Appeal by defendant from a judgment of the Supreme Court in favor of the plaintiff, entered in the New York county clerk's office upon the verdict of a jury for $7,427.44, rendered by direction of the court, and also from an order entered in said clerk's office denying the defendant's motion to set aside said verdict and for a new trial.

Judgment and order affirmed, with costs. No opinion. Present — Clarke, P. J., Dowling, Smith, Page and Merrell, JJ.; Dowling and Smith, JJ., dissenting.

SMITH, J. (dissenting): The defendant was a local dealer in phonograph stock and was engaged in selling phonographs under a license given to the plaintiff for the sale of Edison phonographs. They had had some business relations and upon October 1, 1917, there was due from the defendant to the plaintiff the sum of $7,685.65. Upon the eighteenth of October the plaintiff made a proposition to the defendant by which they should make a new contract and in that proposition stated: "In order to secure a 2% discount, and to get the old balance off of the open account so that only your current purchases will appear on the regular statement, we have suggested that you give us a six months note on which you are to make payments each month if possible, and at maturity this note is to be subject to renewal for the unpaid balance. If you would prefer, however, to give us a series of notes, this will be acceptable to us, but it will be necessary that one of these plans be used in getting your present indebtedness off of the open account." A paper was then submitted by the plaintiff to the defendant in the form of a letter to be written by the defendant to the plaintiff, and upon October 20, 1917, that letter was written containing in substance the matter contained in the proposed letter

submitted. In reference to this balance due, the letter said: " In order to earn the discount referred to and to get the old balance amounting to $7,686.65 October 1st, off the open account, so that only our current purchases will appear on the regular monthly statement rendered to us, we herewith submit a six months note for the full amount of our indebtedness, this note bearing interest at 6%. It is understood that we will pay on this note each month all that we can, and in the event that we cannot take up the note at its maturity, it will be subject to renewal from time to time until fully settled." In response to that, on October twenty-fourth this plaintiff wrote to the defendant: " We have your letter of October 20th with reference to the proposed method of handling your future purchases, and would state that this arrangement will be satisfactory to us. We will, therefore, consider this plan in operation from October 5th, and we will render to you two statements on the first of November, one for your record and merchandise purchases since October 1st, the other for any phonographs delivered to you since October 5th." In pursuance of this correspondence the defendant did execute a note upon October twenty-second for $7,685.65, the exact amount found due. That note became due upon April 22, 1918, at which time, in pursuance of their written agreement, part of the same having been paid, there was executed another note for $7,000, and the first note was canceled. Upon this second note of $7,000, $200 had been paid prior to October 22, 1918, and this note not having been paid in full on October 22, 1918, the plaintiff refused to renew the same and has brought this action to recover upon the note. The trial judge apparently admitted these other letters containing the agreements for renewal, as qualifying the liability upon the note, and these were properly admitted, because these papers were all executed as part of one transaction and must be read together. The trial judge held, however, that because the agreement to renew the note from time to time was not more definite, that agreement became an agreement to renew at will and that the plaintiff, therefore, might lawfully refuse to renew at any time and sue upon the note last given for the balance due. The defendant, however, offered to prove that these papers represented only a part of an oral contract which provided that these notes should be renewed up to January 15, 1920, and that such part of the oral contract was omitted from the written contract through inadvertence. The trial court refused to accept such evidence and directed a verdict for the full amount due on the note. In my judgment the evidence should have been admitted. As a matter of reasonable interpretation the agreement to renew this note from time to time upon payment by the maker of such sum as he was able to pay, *prima facie* omits a material term of the contract. That the agreement to renew was made as part of the original contract is undisputed. · The limit of the right to demand renewals, however, having been agreed upon in the oral contract and omitted from the written contract, it seems to me, can properly be proven so as to complete the contract. It was never intended that this plaintiff should have the right to refuse to live up to its contract and grant renewals of the principal, or

part of the principal, at least, of this note. It was never intended that this should be performed or not at the will of the plaintiff. Abundant consideration is found for this agreement to renew in the other business relations which were created between the parties by these same papers and by parol at the same time. If the defendant can prove that it was orally agreed that these renewals should be made of such amount as the defendant was unable to pay up to January 15, 1920, I think the case is governed by the well-settled rule that if a contract be made by parol and only a part thereof be reduced to writing, the whole contract may be shown. The case is clearly distinguishable from those in which it has been held that where a note has been given for a specific time you cannot show an agreement to renew by parol. Such an agreement would be in contradiction of the written instrument. By the writings themselves in this case the right to renew is given and the only element of the contract sought to be proven by parol is the extent of that right. The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event. Dowling, J., concurs.